DAVID B. GOODWIN (Bar No. 104469)
Email:  dgoodwin@cov.com
MICHAEL S. GREENBERG (Bar No. 99727)
Email:  mgreenberg@cov.com
CHRISTINE G. ENGLAND (Bar No. 261501)
Email:  cengland@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, California  94111
Tel:  (415) 591-6000
Fax:  (415) 955-6091

JO DALE CAROTHERS (Bar No. 228703)
Email: jcarothers@cov.com
LESLI R. GALLAGHER (Bar No. 250355)
Email: lgallagher@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive, Suite 600
San Diego, CA   92122
Tel:  (858) 678-1800
Fax:  (858) 678-1600

Attorneys for Plaintiff
SILICON STORAGE TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **SILICON STORAGE TECHNOLOGY, INC.,**<br><br>       Plaintiff,<br><br>     v.<br><br>**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and XL SPECIALTY INSURANCE COMPANY,**<br><br>      Defendants. | Civil Case No.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.      This is an insurance coverage claim brought by Silicon Storage Technology, Inc. ("SST" or the "Company") against National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and XL Specialty Insurance Company ("XL") (collectively, "the Defendant Insurers").  National Union issued a $10 million primary executive and organization liability insurance policy to SST, which provides coverage, in excess of a $150,000 self-insured retention, for the "wrongful acts" of SST's individual directors and officers.  XL issued an insurance policy providing an additional $10 million in limits of liability in excess of the National Union Policy.

2.      In February 2011, Xicor LLC ("Xicor") filed a lawsuit against SST, the former CEO of SST, Bing Yeh, and a former employee of SST, Amitay Levi, in Santa Clara County, California Superior Court alleging misappropriation of trade secrets and breach of a confidentiality agreement, Case No. 111-CV-194850 (the "Trade Secret Litigation").  SST incurred substantial costs in defending against the Trade Secret Litigation.  In August 2012, SST entered into a stipulation of settlement with Xicor ("the Trade Secret Settlement").  As the covered losses are sufficient to exhaust the available policy limits, SST now seeks to recover its losses from National Union and XL for that settlement.

**THE PARTIES**

3.      Plaintiff Silicon Storage Technology, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 450 Holger Way, San Jose, CA 95134.  Silicon Storage Technology, Inc. is a wholly owned subsidiary of Microchip Technology Inc.

4.      Defendant National Union Fire Insurance Company of Pittsburgh, Pa. is a corporation organized under the laws of Pennsylvania, with its principal place of business in New York.  National Union is engaged in the business of selling contracts of insurance and is licensed to do business and does business in the state of California.

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

5.     Defendant XL Specialty Insurance Company is a corporation organized under the laws of Delaware, with its principal place of business in Connecticut.  XL is engaged in the business of selling contracts of insurance and is licensed to do business and does business in the state of California.

## JURISDICTION AND VENUE

6.     This Court has personal jurisdiction over Defendants because National Union and XL are doing business in California and National Union and XL issued policies of insurance to SST for loss in the State of California.  The Court has subject matter jurisdiction over this civil action under 28 U.S.C. § 1332(a), as the citizenship of the parties is diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because certain of the underlying claims were pending in California, the insurance policies were sold and issued to a California resident in this District, the premiums were paid by SST from this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE INSURANCE POLICIES AT ISSUE

8.     For the policy period from November 16, 2009 to April 8, 2016, SST purchased executive and organization liability insurance to cover, among other items, claims arising from "wrongful acts" by its directors and officers.  National Union Fire Insurance Company of Pittsburgh, Pa. provided primary coverage, and XL Specialty Insurance Company provided excess coverage to SST.

### *The National Union Policy*

9.     National Union issued to SST an executive and organization liability insurance policy bearing policy number 01-361-35-23 (the "National Union Policy"), a copy of which is attached hereto as Exhibit A.

10.     The National Union Policy provides insurance benefits both to Insured Persons (generally in circumstances where they have not been indemnified by the

3

Company) and to the Company (generally in circumstances where it has indemnified the Insured Persons or in cases involving a Securities Claim).  Insured Persons include the Company's past, present, and future duly elected directors, duly elected or appointed officers, and employees.  The Policy is subject to a $150,000 self-insured retention and has a $10 million aggregate limit of liability.

11.     The National Union Policy provides coverage for, among other things, "the Loss of an Organization arising from a Claim made against an Insured Person (including an Outside Entity Executive) for any Wrongful Act of such Insured Person, but only to the extent that such Organization has indemnified such Insured Person."

12.     "Loss" is defined in the National Union Policy to include damages, settlements and costs of defense.

13.     A "Claim" is defined in the National Union Policy to include a civil action for monetary, non-monetary or injunctive relief.

14.     "Wrongful Act" is defined in the National Union Policy as "any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act" (i) "with respect to any Executive of an Organization, by such Executive in his or her capacity as such or any matter claimed against such Executive solely by reason of his or her status as such;" or (ii) "with respect to any Employee of an Organization, by such Employee in his or her capacity as such, but solely in regard to . . . [a] Claim [that] is also made and continuously maintained against an Executive of an Organization."

15.     An "Indemnifiable Loss" is defined in the National Union Policy as a "loss for which an Organization has indemnified or is permitted or required to indemnify an Insured Person pursuant to law or contract or the charter, bylaws, operating agreement or similar documents of an Organization."

16.     SST has paid all premiums due and has satisfied all other pertinent terms and conditions of the National Union Policy.  The National Union Policy has been in full force and effect at all pertinent times.

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

17.     The individual defendants named in the Trade Secret Litigation are Insureds under the National Union Policy.

*The XL Insurance Policy*

18.     XL issued to SST an excess indemnity policy bearing policy number ELU114684-09 (the "XL Policy"), a copy of which is attached hereto as Exhibit B.

19.     The XL Policy contains a $10 million aggregate limit of liability in excess to the National Union Policy and follows the pertinent terms, conditions, and endorsements of the National Union Policy.

20.     SST has paid all premiums due and has satisfied all other pertinent terms and conditions of the XL Policy.  The XL Policy has been in full force and effect at all pertinent times.

21.     The individual defendants named in the Trade Secret Litigation are Insureds under the XL Policy.

*The Underlying Claims*

22.     On February 22, 2011, Xicor filed a Complaint against Silicon Storage Technology, Inc., Bing Yeh, Amitay Levi and Does 1 through 100 for Trade Secret Misappropriation and Breach of Contract in the Superior Court of the State of California for the County of Santa Clara ("the Trade Secret Complaint").

23.     Named Defendants Yeh and Levi were both former employees of Xicor LLC.  In 1989, Yeh left Xicor LLC to found a new company, Silicon Storage Technology, Inc., and at some point thereafter, Levi also became employed by SST. Yeh was an executive of SST and Levi was an employee of SST.  The claims against Yeh in the Trade Secret Complaint were made and continuously maintained at the same time as the claims against Levi.

24.     The Trade Secret Complaint alleges that both Yeh and Levi had access to trade secrets and confidential and proprietary materials at Xicor.  It further alleges that Yeh took confidential and proprietary Xicor information with him when he left Xicor

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

and that Yeh recruited Levi, among others, to join SST and encouraged him, and others, to bring additional confidential Xicor material to SST.

25.     In particular, the Trade Secret Complaint alleges that documents returned to Xicor as part of discovery in a separate patent litigation matter between Xicor and SST contained "detailed and highly proprietary confidential trade secret information regarding Xicor's C5, C5.1, C6 and C6.1 process flows from the years 1986 to 1990, as well as other confidential, proprietary and trade secret information."

26.     The Trade Secret Complaint further alleges that Yeh and others used Xicor trade secrets to develop SST's flash memory products and profited as a result.

27.     Bing Yeh and Amitay Levi both sought indemnification from SST with respect to the trade secret litigation and SST agreed to indemnify both Yeh and Levi.

*The Settlement*

28.     The parties participated in mediation on August 15, 2012, but did not settle their disputes at the mediation.

29.     National Union and XL were invited to participate in the mediation. National Union participated.  XL declined.

30.     Shortly after mediation Xicor made a final settlement demand to SST, Yeh and Levi.

31.     SST conveyed the demand to the Insurers and asked them to fund the settlement.  The Insurers declined to do so.  SST asked the Insurers in the alternative to waive any "consent to settle" requirements in their policies.  In response, National Union agreed "to waive lack of 'consent to settle' in the event that SST decide[d] to accept the settlement demand," and XL similarly agreed not "to assert that the Insureds failed to obtain consent prior to agreeing to accept the Settlement Offer."

32.     SST and Xicor continued to negotiate the terms of the agreement and on August 31, 2012, SST and Xicor entered into a confidential settlement agreement which resulted in the dismissal of the Trade Secret Litigation.

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

## DEFENDANTS' REFUSAL TO PROVIDE COVERAGE

33.     SST timely notified National Union and XL of the Trade Secret Litigation described above and tendered them to the Insurers for defense and coverage.  National Union agreed to pay for the cost of defending against the Trade Secret Litigation and, after SST exhausted the self-insured retention in the National Union Policy, paid certain of those costs.

34.     Both National Union and XL, however, have refused to provide coverage, or to make any contribution toward SST's settlement of the Trade Secret Litigation.

35.     SST's losses in connection with the settlement of the Trade Secret Litigation exceed the limits of the National Union Policy.

36.     SST brings this action for damages resulting from National Union and XL's failure to meet their policy obligations.

## COUNT ONE

### (Breach of Contract)

37.     Plaintiff repeats and reincorporates by reference the allegations set forth in paragraphs 1 through 36, above.

38.     SST has complied with all of the applicable terms and conditions of the National Union and XL Policies necessary for SST to obtain coverage for the Trade Secret Litigation.

39.     National Union and XL breached their obligations to pay SST's losses under the National Union and XL Policies.

40.     As a result of National Union's and XL's breaches of contract, SST has incurred damages in an amount to be proven at trial, but in excess of the jurisdictional minimum of this Court.

## COUNT TWO

### (Declaratory Relief)

41.     Plaintiff repeats and reincorporates by reference the allegations set forth in paragraphs 1 through 40, above.

42.     SST seeks declaratory relief, pursuant to 28 U.S.C. § 2201, in the form of a judicial determination that National Union and XL are obligated to pay all loss, including but not limited to defense and indemnity costs, incurred or reimbursed by or on behalf of SST in connection with the Trade Secret Litigation, subject only to the exhaustion of any applicable retained limit or underlying policy limit and their respective policy limits.

43.     The defense, settlement, and indemnification costs at issue exceed the attachment point of the XL Policy.  An actual controversy of a justiciable nature exists between Plaintiff and Defendants as to the proper construction and interpretation of the Policies in relation to the Trade Secret Litigation.

44.     The issuance of declaratory relief by this Court will extinguish most of the existing controversy between the parties.

## PRAYER FOR RELIEF

WHEREFORE, SST prays for relief as follows:

(1)     Damages resulting from National Union's and XL's breaches of contract subject only to the policy limit of the National Union and XL Policies, and the self-insured retention set forth in the National Union Policy, or such other amount as may be awarded;

(2)     a declaration that National Union is obligated to pay all loss, including but not limited to defense and indemnity costs, incurred or reimbursed by or on behalf of SST in connection with the Trade Secret Litigation, in excess of the self-insured retention in the National Union Policy, subject only to exhaustion of the policy limit;

(3)     a declaration that XL is obligated to pay all loss, including but not limited to defense and indemnity costs, incurred or reimbursed by or on behalf of SST in connection with the Trade Secret Litigation, in excess of the amount covered by the National Union Policy subject only to exhaustion of any applicable retained limit, policy limit, or underlying policy limits;

(4)     reasonable attorneys' fees and costs of court; and

1    (5)    such other and further relief as the Court may deem just and proper.

2

3    Dated: December 6, 2013                    **COVINGTON & BURLING LLP**

4

5                                            By _____

6                                                  David B. Goodwin

7                                            *Attorneys for Plaintiff*
                                             SILICON STORAGE TECHNOLOGY, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

1

### JURY TRIAL DEMAND

2

SST hereby demands a trial by jury.

3

4

Dated: December 6, 2013

5

**COVINGTON & BURLING LLP**

6

By _____

7

David B. Goodwin

8

*Attorneys for Plaintiff*
SILICON STORAGE TECHNOLOGY, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10