United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SILICON STORAGE TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, et al., <br><br> Defendants. | Case No. 13-CV-05658-LHK <br><br> **ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE GREWAL** <br><br> Re: Dkt. No. 130 |

Before the Court is a motion for relief from nondispositive pretrial order of U.S. Magistrate Judge Paul S. Grewal, filed by Plaintiff Silicon Storage Technology, Inc. ("SST"). ECF No. 130 ("Motion"). Defendants National Union Fire Insurance Co. of Pittsburgh, PA ("National Union") and XL Specialty Insurance Co. ("XL") (collectively, "Insurers") have filed an opposition. ECF No. 140 ("Opp'n"). Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion, for the reasons stated below.

## I. BACKGROUND

### A. Factual Background

The instant litigation concerns the applicability of an insurance policy to the settlement of

1

a trade secret misappropriation lawsuit. *See* ECF No. 1 ("Compl."). Specifically, National Union issued a $10 million primary executive and organization liability insurance policy to SST, which provided coverage in excess of a $150,000 self-insured retention for the "wrongful acts" of SST's individual directors and officers. *Id.* ¶ 1. XL issued an insurance policy to SST providing an additional $10 million in insurance in excess of the policy issued by National Union. *Id.*

In February 2011, non-party Xicor LLC ("Xicor") filed a lawsuit against two former SST employees—one a former SST founder and executive, and the second a former SST employee—in Santa Clara County Superior Court, alleging that the two former SST employees misappropriated trade secrets and breached confidentiality agreements when they left the employ of Xicor to work at SST ("Trade Secret Litigation"). *Id.* ¶¶ 2, 23. Around the time of the Trade Secret Litigation, Xicor and SST were also engaged in separate patent litigation. *Id.* ¶ 25. After Xicor initiated the Trade Secret Litigation, SST agreed to indemnify both of the former SST employees for the costs of defending against the suit, and SST subsequently notified the insurers of the Trade Secret Litigation. *Id.* ¶¶ 27, 33. National Union agreed to pay for the cost of defending against the Trade Secret Litigation and, after SST exhausted the $150,000 self-insured retention, paid certain costs of defending the suit. *Id.* ¶ 33.

On August 15, 2012, Xicor, SST, and the former SST employees participated in a mediation session at which National Union was present but XL was not. *Id.* ¶¶ 28-29. Xicor and SST did not settle the Trade Secret Litigation at mediation, but shortly after mediation Xicor made a settlement demand of $20 million to SST and the two former SST employees. *Id.* ¶¶ 28, 30; ECF No. 74, at 3 (detailing settlement discussions in this case). SST conveyed the demand to the Insurers and requested that they fund the settlement, but the Insurers declined to do so. Compl. ¶ 31. SST and Xicor continued to negotiate the terms of a settlement and on August 31, 2012, SST and Xicor entered into a $20 million settlement agreement which resulted in the dismissal of the Trade Secret Litigation. *Id.* ¶ 32; ECF No. 74, at 1-3. According to the Insurers, concurrently with the settlement of the Trade Secret Litigation, Xicor and SST also agreed to settle the separate

Case No. 13-CV-05658-LHK
ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE GREWAL

United States District Court
Northern District of California

patent litigation between Xicor and SST. ECF No. 74, at 3.

After settlement of the Trade Secret Litigation, SST sought insurance coverage for the cost of the settlement from the Insurers, but the Insurers refused. Compl. ¶ 34. The Insurers contended, among other things, that the $20 million settlement of the Trade Secret Litigation was interrelated with the settlement of the patent litigation between Xicor and SST such that at least some of the $20 million should be allocated to the settlement of the patent dispute. *See* ECF No. 26, at 8.

### B.  Procedural Background

#### 1.  SST Files This Lawsuit and the Parties Raise the Instant Discovery Dispute

On December 6, 2013, SST filed the instant lawsuit against the Insurers, alleging claims for breach of contract and declaratory relief. Compl. ¶¶ 37-44. On June 11, 2014, SST and the Insurers filed a joint case management conference statement in advance of the initial joint case management conference in this matter. ECF No. 35 ("JCMS"). In the JCMS, SST contended that discovery should be limited to, *inter alia*, "the settlement of the Trade Secret Litigation to the extent not protected by [California's] Mediation Privilege or any other privilege." *Id.* at 5. In contrast, the Insurers argued that they were entitled to "considerable discovery with regard to [the] Trade Secret Action" to determine "how the Trade Secret action resulted in a $20 million settlement, when, at the time of the mediation, defense counsel for [the former SST employees] had not provided any opinion concerning liability for those insureds." *Id.* at 6.

On July 9, 2014, the Court held the initial case management conference ("CMC") in this matter. *See* ECF No. 39 (minute entry of proceedings). At the CMC, the parties and the Court discussed whether California's mediation privilege applied to discovery of communications up to, at, and following the August 15, 2015 mediation session between SST, the former SST employees, Xicor, and National Union. The Court stated that "the settlement demands [and] offers between Xicor and SST . . . should be produced because they are relevant to how this settlement was arrived at." July 9, 2014 Hr'g Tr., ECF No. 56 ("Hr'g Tr."), at 6:14-17. With respect to whether communications following the August 15, 2015 mediation were protected by California's

3

United States District Court
Northern District of California

mediation privilege, counsel for SST stated that "we agree that post-mediation communications are fair game. And we have already acknowledged an obligation to produce those." *Id.* at 16:16-18. The Court followed up on this statement by asking SST's counsel, "So if anything happened through August 16th and August 31st when it settled, you are not fighting over that?" *Id.* at 16:19-21. Counsel for SST responded, "That's correct." *Id.* at 16:22. Subsequently during the CMC, the Court reiterated that, "I think it's clear that the parties agree that nothing between August 16th and August 31st is privileged," to which counsel for SST responded, "That's correct." *Id.* at 24:8-10.

The Court ultimately ruled orally at the CMC that "[t]he settlement demand and offers between Xicor and SST that took place during and . . . in between August 16th and August 31st, obviously [are] relevant and [have] to be produced" because they are "not privileged." *Id.* at 27:7-10. The Court also ordered that any further disputes regarding "the scope of the mediation privilege" would have to be raised before Judge Grewal. *Id.* at 27:1-2. In the Court's July 9, 2014 Case Management Order, the Court ordered that "[a]ny settlement demands and related documents between August 16, 2012 and August 31, 2012 are not privileged and must be produced." ECF No. 38 ("CMO"), at 1. The Court further ordered that "the parties will brief their dispute before Magistrate Judge Grewal regarding the scope of the mediation privilege as to their mediation statements and statements made at the August 15, 2012 mediation." *Id.*

**2.   The Parties Brief the Scope of the Mediation Privilege Before Judge Grewal**

On May 15, 2015, National Union filed a motion to compel production of documents not subject to protection under a mediation or joint defense privilege, ECF No. 74 ("Motion to Compel"), which XL joined on May 18, 2015, ECF No. 75. In the Motion to Compel, the Insurers argued in relevant part that SST improperly withheld documents, including "[c]orrespondence between counsel for Xicor and counsel for the defendants (SST [and the former SST employees]) from June 25, 2012 through August 24, 2012," on the grounds that such documents were protected by California's mediation privilege. Mot. Compel at 6. The Insurers noted that at the July 9, 2014 CMC, "SST's counsel . . . agreed that SST would produce documents from after the August 15,

Case No. 13-CV-05658-LHK
ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE GREWAL

United States District Court
Northern District of California

2012 mediation" that resulted in the settlement of the Trade Secret Litigation. *Id.* at 5.

On May 29, 2015, SST filed an opposition to the Motion to Compel. ECF No. 93. Of particular relevance to the instant Motion, SST argued that SST's counsel was mistaken when counsel stated at the July 9, 2014 CMC that California's mediation privilege did not apply to "communications occurring in the 10-day period after the August 15, 2012 mediation." *Id.* at 13. Rather SST now argued that pursuant to California's mediation confidentiality statutes, the mediation privilege applied to "communications during any period within 10 days after a mediation unless the parties agree in writing to terminate the mediation." *Id.* at 7. According to SST, to the extent counsel said at the CMC that communications which occurred after the August 15, 2012 mediation were not privileged, "SST's counsel was referring to an on-the-record settlement demand letter that was provided to the Insurers at the time and produced in this litigation." *Id.* at 13. SST added that "to the extent [counsel's] comments encompassed more than the specific settlement demand letter that was sent outside the mediation process," counsel "misspoke." *Id.* SST also argued that counsel could not have waived any mediation privilege at the CMC because, pursuant to the mediation confidentiality statutes, the mediation privilege may only be waived by all those who participated in the mediation. *Id.* Accordingly, SST argued that "all conduct, communications and writings related to mediation" which "occur[ed] up to ten days after the August 15, 2012 mediation" were privileged and protected from disclosure. *Id.*

### 3.  Judge Grewal Rules on the Motion to Compel, and SST Files the Instant Motion

On July 15, 2015, Judge Grewal issued an Order Granting-in-Part Motions to Compel.[1] ECF No. 129 ("Order re: Motions to Compel"). In the Order re: Motions to Compel, Judge Grewal ruled in relevant part that the Insurers were "not entitled to production of certain documents that were properly withheld under California's mediation privilege." *Id.* at 5. However, Judge Grewal

---

[1] In the Order re: Motions to Compel, Judge Grewal ruled on both the Insurer's motion to compel production of documents not subject to protection under a mediation or joint defense privilege, ECF No. 74, and a second motion to compel further responses to first request for production of documents propounded by National Union, ECF No. 68.

Case No. 13-CV-05658-LHK
ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE GREWAL

United States District Court
Northern District of California

in a footnote ("Footnote 40") stated that "[t]he mediation privilege granted here only extends as far as Judge Koh's order that settlement-related documents created after August 16, 2012 are not privileged," and cited to this Court's July 9, 2014 CMO. *Id.* at 8 n.40. Judge Grewal further stated that "[t]o the extent SST believes Judge Koh's order is inconsistent with California law, SST must seek relief from Judge Koh." *Id.*

On July 29, 2015, SST filed the instant Motion seeking relief from Footnote 40 of the Order re: Motions to Compel. Mot. at 1. SST raised two issues in its Motion: (1) whether this Court, in its July 9, 2014 CMO, intended "to require production of all post-August 15, 2012 settlement communications rather than just the settlement demands" and (2) if so, "whether the Court should revisit that order in light of a closer examination of the California Evidence Code." *Id.* at 2. In the Motion, SST repeated the argument SST made to Judge Grewal that counsel for SST "misspoke" at the July 9, 2014 CMC when counsel stated that California's mediation privilege did not apply to communications which occurred after the August 15, 2012 mediation. *Id.* at 3-4. Rather, SST argued that pursuant to the mediation confidentiality statutes, the mediation privilege did not end until "10 calendar days" after the August 15, 2012 mediation session. *Id.* SST also stated (again, in a reiteration of the argument SST made before Judge Grewal) that counsel could not have waived the mediation privilege at the CMC because the mediation confidentiality statutes mandate that any waiver of such privilege be made by all persons who participated in the mediation. *Id.* at 4.

On August 5, 2015, the Court issued an Order Setting Briefing Schedule with respect to the instant Motion. ECF No. 133. On August 13, 2015, the Insurers timely filed an Opposition. *See* Opp'n. On August 14, 2015, SST timely filed a reply. ECF No. 141 ("Reply").

## II. LEGAL STANDARD

The district court may designate any non-dispositive pretrial matter to be determined by a magistrate judge, whose ruling on the matter will be modified or set aside only if "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A magistrate

Case No. 13-CV-05658-LHK
ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE GREWAL

1    judge's factual determinations are reviewed for clear error, which allows the district court to

2    overturn them only if the court reaches a "definite and firm conviction that a mistake has been

3    committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). In addition, a

4    magistrate judge's legal conclusions are reviewed *de novo* to determine whether they are contrary

5    to law. *Id*.

6    **III. DISCUSSION**

7           Although SST frames the instant Motion as a motion for relief from Footnote 40 in Judge

8    Grewal's Order re: Motions to Compel, SST effectively asks this Court to interpret and potentially

9    reconsider the scope of discovery permitted in the Court's July 9, 2014 CMO. SST's Motion raises

10   two issues: (1) whether the Court intended its CMO to require the production of mediation-related

11   communications which occurred after August 15, 2012; and (2) if so, whether that part of the

12   CMO is contrary to California law. Mot. at 2. The Court examines each issue in turn.

13       **A. The Scope of Discovery Permitted in the July 9, 2014 Case Management Order**

14          At the July 9, 2014 CMC, counsel for SST represented to the Court at least three times that

15   SST did not claim the mediation privilege extended to communications which occurred after the

16   August 15, 2012 mediation session. First, during the CMC SST's counsel stated that "[w]e agree

17   that post-mediation communications are fair game. And we have already acknowledged an

18   obligation to produce those." Hr'g Tr. at 16:16-18. Second, the Court followed up on this

19   statement by counsel and asked, "So if anything happened through August 16th and August 31st

20   when it settled, you are not fighting over that?" *Id.* at 16:19-21. SST's counsel replied, "That's

21   correct." *Id.* at 16:22. When the Court again sought to clarify the scope of the parties' discovery

22   dispute by asking SST's counsel if "you are fighting over what happened on August 15th when

23   National Union was present," SST's counsel replied, "Yes, and the mediation statements

24   themselves." *Id*. at 16:25-17:3. Third, before the Court issued its oral ruling on the discovery

25   dispute, the Court stated, "I think it's clear that the parties agree that nothing between August 16th

26   and August 31st is privileged." *Id.* at 24:8-9. To which counsel for SST responded, "That's

27

28   Case No. 13-CV-05658-LHK
     ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE
     JUDGE GREWAL

United States District Court
Northern District of California

correct." *Id.* at 24:10. Based on these representations of SST's counsel, the Court issued the July 9, 2014 CMO which stated in relevant part that "[a]ny settlement demands and related documents between August 16, 2012 and August 31, 2012 are not privileged and must be produced." CMO at 1.

Accordingly, the CMO provided that SST must produce, *inter alia*, any "related documents" to the settlement demands from between August 16, 2012 to August 31, 2012, which would include "post-mediation communications." *Id.*; Hr'g Tr. at 16:16-18. Thus, the CMO required SST to produce mediation communications which occurred after August 15, 2012.

## B.  Applicability of the Mediation Privilege

The Court now turns to SST's argument that, despite what SST's counsel said repeatedly at the CMC, certain communications which occurred after the August 15, 2012 mediation are privileged. The Court will then address whether counsel for SST waived any such privilege at the CMC.

### 1.  Whether the Mediation Privilege Applies to Communications That Occurred After August 15, 2012

The scope of the mediation privilege in California is governed by the California Evidence Code, which provides in relevant part that "[n]o evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation," and "[n]o writing . . . that is prepared for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation," are "admissible or subject to discovery, and disclosure of" such evidence or writing "shall not be compelled in any . . . civil action." [2] Cal. Evid. Code § 1119(a)-(b). "The statutory purpose" of the mediation privilege "is to encourage the use of mediation by promoting a candid

_____

[2] "Writing" includes "handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored." Cal. Evid. Code § 250.

Case No. 13-CV-05658-LHK
ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE
JUDGE GREWAL

United States District Court
Northern District of California

1    and informal exchange regarding events in the past. This frank exchange is achieved only if the

2    participants know that what is said in the mediation will not be used to their detriment through

3    later court proceedings and other adjudicatory processes." *Cassel v. Superior Court*, 51 Cal. 4th

4    113, 123 (2011). Therefore, "the mediation confidentiality statutes must be applied in strict

5    accordance with their plain terms." *Id.* at 124; *see also id.* at 127 (stating "the Legislature intended

6    the unambiguous provisions of the mediation confidentiality statutes to be applied broadly" and

7    "mediation confidentiality must be strictly enforced, even where competing policy considerations

8    are present.").

9           For purposes of confidentiality, "a mediation ends when any one of the following

10   conditions is satisfied:"

11                  (1) The parties execute a written settlement agreement that fully
                    resolves the dispute.

12

13                  (2) An oral agreement that fully resolves the dispute is reached in
                    accordance with Section 1118.

14                  (3) The mediator provides the mediation participants with a writing
                    signed by the mediator that states that the mediation is terminated,

15                  or words to that effect, which shall be consistent with Section 1121.

16                  (4) A party provides the mediator and the other mediation
                    participants with a writing stating that the mediation is terminated,

17                  or words to that effect, which shall be consistent with Section 1121.
                    In a mediation involving more than two parties, the mediation may

18                  continue as to the remaining parties or be terminated in accordance
                    with this section.

19

20                  (5) For 10 calendar days, there is no communication between the
                    mediator and any of the parties to the mediation relating to the

21                  dispute. The mediator and the parties may shorten or extend this
                    time by agreement.

22   Cal. Evid. Code § 1125(a).

23          Accordingly, provided that none of the other conditions in § 1125(a) are satisfied, SST is

24   correct that the mediation privilege would apply "[f]or 10 calendar days" after the August 15,

25   2012 mediation session provided that there was "no communication between the mediator and any

26   of the parties to the mediation relating to the dispute." *Id.* § 1125(a)(5). Furthermore, the

27                                                9

28   Case No. 13-CV-05658-LHK
     ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE
     JUDGE GREWAL

United States District Court
Northern District of California

1   mediation privilege would apply to any "writing" or "evidence of anything said or any admission"

2   that was prepared or made "for the purpose of, in the course of, or pursuant to" the August 15,

3   2012 mediation. *Id.* § 1119(a)-(b).

4         In the Opposition to the instant Motion, the Insurers argue that Xicor's August 16, 2012

5   "on the record" written settlement demand "was deliberately made outside the protection of the

6   mediation" and therefore "effectively terminated the mediation." Opp'n at 2. The Insurers cite no

7   authority—and this Court located none—which holds that a settlement demand, without more, is

8   sufficient to terminate a mediation and thereby extinguish the mediation privilege pursuant to

9   § 1125(a). Furthermore, as previously discussed, "the mediation confidentiality statutes must be

10  applied in strict accordance with their plain terms." *Cassel*, 51 Cal. 4th at 124. Pursuant to

11  § 1125(a), for Xicor's written settlement demand to terminate the August 15, 2012 mediation,

12  Xicor would have had to "provide[] the mediator and the other mediation participants with a

13  writing stating that the mediation is terminated, or words to that effect." Cal. Evid. Code

14  § 1125(a)(4). Here, the Insurers make no argument that Xicor provided such a writing to the

15  mediator and other mediation participants, and therefore the Insurers fail to show that Xicor's on-

16  the-record settlement demand, without more, could have terminated the mediation pursuant to

17  § 1125(a).

18        The Insurers also argue that in order to claim the mediation privilege over the post-August

19  15, 2012 documents that were the subject of the Insurers' Motion to Compel, SST must show that

20  such documents are "materially related to, and foster, the mediation," and support such a showing

21  with more than "conclusory allegations in [SST's] Privilege Log." Opp'n at 2-3. It is true that the

22  mediation privilege only applies to a writing, evidence of anything said, or any admission that is

23  prepared or made "for the purpose of, in the course of, or pursuant to, a mediation." Cal. Evid.

24  Code § 1119(a)-(b); *see also Wimsatt v. Superior Court*, 152 Cal. App. 4th 137, 160 (2007)

25  ("Mediation confidentiality protects communications and writings if they are materially related to,

26  and foster, the mediation."). As to whether SST has made such a showing, the Court notes that in

27

28  Case No. 13-CV-05658-LHK
    ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE
    JUDGE GREWAL

United States District Court
Northern District of California

10

conjunction with its opposition to the Insurers' Motion to Compel, SST filed a supporting

declaration which stated that SST withheld *pre*-August 15, 2012 documents on the basis of

mediation privilege because such documents "contain communications or materials relating to

mediation and/or in furtherance of mediation." Declaration of Jo Dale Carothers in Support of

SST's Opposition to Defendants' Motion to Compel re Mediation and Common Interest Privilege

and Administrative Motion to File Documents Under Seal, ECF No. 93-2, ¶ 9. Judge Grewal

found such justification sufficient to support a claim of privilege. *See* Order re: Mot. Compel at 8

(finding that "SST properly withheld communications and documents falling within California's

mediation privilege."). SST, again in conjunction with its opposition to the Motion to Compel,

offered an identical reason for withholding *post*-August 15, 2012 documents on the basis of the

mediation privilege, i.e. because such documents "contain communications or materials relating to

mediation and/or in furtherance of mediation." Declaration of David B. Goodwin in Opposition to

Defendants' Motion to Compel re Mediation and Joint Defense Privilege, ECF No. 93-1

("Goodwin Decl."), ¶ 3; Reply at 1 (stating the Goodwin Declaration regarded "off-the-record

post-August 15, 2012 documents"). Accordingly, SST has made a sufficient showing that the post-

August 15, 2012 documents at issue in the Insurers' Motion to Compel are subject to the

mediation privilege.

Finally, in the instant Motion SST argues that because the 10th day after August 15, 2012

fell on a Saturday, the 10-day prior provided in § 1125(a)(5) ended on August 27, 2012. Mot. at 3.

The Insurers in their Opposition do not dispute this calculation. *See* Opp'n. The California Code of

Civil Procedure provides that "[i]f the last day for the performance of any act provided or required

by law to be performed within a specified period of time is a holiday, then that period is hereby

extended to and including the next day that is not a holiday." Cal. Civ. Proc. Code § 12a. The term

"holiday" includes Saturdays, *id.*, and Sundays, Cal. Gov. Code § 6700. Here, the relevant part of

the mediation confidentiality statutes provides that a mediation ends after "10 calendar days" if

"there is no communication between the mediator and any of the parties to the mediation relating

Case No. 13-CV-05658-LHK
ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE
JUDGE GREWAL

1    to the dispute." Cal. Evid. Code § 1125(a)(5). There appears to be no authority which explicitly

2    discusses whether the calculation of time described in Civil Procedure Code § 12a applies to the

3    pertinent part of the mediation confidentiality statutes. However, California courts have described

4    § 12a as providing "a general rule regarding the computation of the time allowed," and that

5    "[c]onsistent with the need for certainty in the method of computing time, a case will not be found

6    to come under an exception to the general rule unless there is a clear expression of provision for a

7    different method of computation." *McAvoy v. Harvey L. Lerer, Inc.*, 35 Cal. App. 4th 1128, 1131

8    (1995). Accordingly, because the mediation confidentiality statutes do not contain a clear

9    expression of provision for a different method of computation of time, the Court finds that

10   pursuant to Civil Procedure Code § 12a the 10-day period described in § 1125(a)(5) ended on

11   August 27, 2012.

12        For the reasons stated above the Court finds that the mediation privilege applies to writings

13   (or other communications as described in § 1119) through August 27, 2012, provided that no other

14   condition described in § 1125(a) terminated the mediation.

15        **2.   Whether Counsel for SST Waived the Mediation Privilege at the CMC**

16        The Court next considers whether counsel for SST waived the mediation privilege when

17   counsel stated at the July 9, 2014 CMC that communications which occurred after the August 15,

18   2012 mediation were not privileged. *See, e.g.*, Hr'g Tr. at 16:16-18 (counsel for SST stating,

19   "[W]e agree that post-mediation communications are fair game. And we have already

20   acknowledged an obligation to produce those."). SST argues that counsel could not have waived

21   the mediation privilege at the CMC because the mediation confidentiality statutes require that all

22   parties to the mediation expressly waive the privilege for such waiver to be effective. Mot. at 4.

23   The Insurers do not respond directly to this contention, instead arguing that "the record at the

24   [CMC] was clear that SST did not intend to assert privilege as to post-demand communications."

25   Opp'n at 3.

26        Pursuant to the mediation confidentiality statutes, the mediation privilege does not protect

27                                                 12

28   Case No. 13-CV-05658-LHK
     ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE
     JUDGE GREWAL

United States District Court
Northern District of California

material from disclosure if either of the following conditions is satisfied:

> (1) All persons who conduct or otherwise participate in the mediation expressly agree in writing, or orally . . . to disclosure of the communication, document, or writing.

> (2) The communication, document, or writing was prepared by or on behalf of fewer than all the mediation participants, those participants expressly agree in writing, or orally . . . to its disclosure, and the communication, document, or writing does not disclose anything said or done or any admission made in the course of the mediation.

Cal. Evid. Code § 1122(a). "[T]he language of section 1122 unambiguously requires express waiver," and a court "may not imply additional exemptions unless there is a clear legislative intent to the contrary." *Simmons v. Ghaderi*, 44 Cal. 4th 570, 586-87 (2008); *id.* at 588 (stating "the legislative history of the mediation confidentiality statutes as a whole reflects a desire that [they] be strictly followed"). Here, although counsel for SST stated at the July 9, 2014 CMC that SST did not claim the mediation privilege applied to post-August 15, 2012 communications, counsel for SST could not have waived the mediation privilege because Xicor, which also participated in the mediation, did not "expressly agree . . . to disclosure" of the communications at issue. Cal. Evid. Code § 1122(a) (requiring that "*[a]ll* persons who conduct or otherwise participate in the mediation expressly agree" to waiver of the mediation privilege) (emphasis added). Accordingly, to the extent the statements of SST's counsel at the CMC could be construed as a waiver of the mediation privilege, the waiver was ineffective.

## IV. CONCLUSION

For the reasons stated above, the Court hereby GRANTS SST's Motion. The mediation privilege applies to writings (or other communications as described in § 1119) through August 27, 2012, provided that no other condition described in § 1125(a) terminated the mediation.[3]

---

[3] In the Opposition, the Insurers request that the Court impose Rule 37(b) sanctions up to and including default for "SST's deliberate refusal to comply with the Court's unequivocal order to produce . . . key documents in discovery" specifically post-August 15, 2012 communications. Opp'n at 5. The Civil Local Rules provide that "[a]ny motion for sanctions, regardless of the sources of authority invoked," must, *inter alia*, "be separately filed and the date for hearing . . . set in conformance with Civil L.R. 7-2." Civ. L. R. 7-8. The Insurer's request for sanctions was not separately filed or set for hearing in accordance with the Civil Local Rules. Therefore, the Court

13

Case No. 13-CV-05658-LHK
ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE GREWAL

United States District Court
Northern District of California

1   **IT IS SO ORDERED.**

2   Dated: September 3, 2015

3

4   LUCY H. KOH
    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   DENIES the Insurer's request for sanctions as procedurally improper.

14

28   Case No. 13-CV-05658-LHK
     ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE
     JUDGE GREWAL

United States District Court
Northern District of California