UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SILICON STORAGE TECHNOLOGY, INC., | Case No. 5:13-cv-05658-LHK |
| Plaintiff, | **ORDER GRANTING-IN-PART MOTIONS TO COMPEL** |
| v. | |
| NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA., et al., | **(Re: Docket Nos. 110, 115)** |
| Defendants. | |

Well past the deadline for fact discovery, the parties in this case still disagree over whether Plaintiff Silicon Storage Technology, Inc. has satisfied its discovery obligations. Defendant National Union Fire Insurance Co. moves to compel SST to produce: (1) additional documents responsive to National Union's fifth set of requests for production; (2) more deposition testimony from Eric Bjornholt, SST's CFO and its designated Fed. R. Civ. P. 30(b)(6) witness for several topics; (3) further answers to interrogatories and (4) documents responsive to National Union's sixth set of requests for production. National Union's motions to compel are GRANTED-IN-PART.

## I.

SST bought insurance from National Union and Defendant XL Specialty Insurance Co. for claims arising from SST employees' wrongful acts.[1]  Only SST employees are insured under the policy, although SST itself is covered to the extent it indemnifies its employees.[2]

In 2011, Xicor, LLC sued SST and two SST employees, Bing Yeh and Amitay Levi, for misappropriation of trade secrets.[3]  Xicor and SST also were involved in a patent infringement suit in district court,[4] while SST's parent—Microchip Technology Inc.—and Xicor's parent—Intersil Corp.—were embroiled in the International Trade Commission.[5]  Following mediation, SST, Yeh, Levi and Xicor settled the trade secret action.[6]  Soon after, SST, Xicor, Microchip and Intersil settled their respective patent suits with a single cross-licensing agreement.[7]

SST brought this suit after National Union and XL refused to cover the settlement payment on the grounds that part of it was consideration for settling the patent infringement cases.  Because the patent suits were unrelated to Yeh and Levi's liability in the trade secret action, Defendants allege that they fell outside the coverage of SST's insurance policy.[8]

## II.

This court has jurisdiction under 28 U.S.C. § 1332.  The undersigned was assigned discovery matters in this case pursuant to Fed. R. Civ. P. 72(a).

---

[1] *See* Docket No. 1 at ¶ 8.

[2] *See id.* at ¶¶ 9-10.

[3] *See* Docket No. 1 at ¶ 2.

[4] *See* Docket No. 81-3 at ¶ 2.

[5] *See id.* at ¶ 3.

[6] *See* Docket No. 1 at ¶¶ 30-32.

[7] *See* Docket No. 81-3 at ¶ 7.

[8] *See* Docket No. 1 at ¶ 34; Docket No. 15 at ¶¶ 48-49.

**III.**

The court must keep in mind Judge Koh's schedule in this case. Fact discovery closed on June 4, 2015, and Judge Koh has already denied a motion to extend that deadline.[9] National Union filed the instant motions on June 11 and June 16,[10] and the court held the hearing on August 11.[11] Since then, the parties have filed competing motions for summary judgment which Judge Koh will hear in October,[12] and trial is set to begin in early December.[13] The court is reluctant to order further discovery at this juncture without good reason. In large part, however, National Union has provided just that.

*First*, National Union may take additional depositions of Bjornholt on Rule 30(b)(6) topics 5, 10 and 12 so that National Union receives the seven hours of deposition testimony to which it is entitled. SST argues that National Union cannot depose Bjornholt for more than three hours because he is SST's CFO, a so-called "apex" employee. Indeed, this court has required parties seeking the deposition of a high-level executive to justify the burden on the company.[14] But the apex deposition doctrine does not apply to Rule 30(b)(6) depositions; otherwise, a party that designated an apex witness for a Rule 30(b)(6) topic effectively could limit the scope of discovery on that topic.[15] National Union did not seek to depose Bjornholt under Rule 30(b)(1); rather, SST designated him as its witness for these topics under Rule 30(b)(6). It cannot now deploy the apex

---

[9] *See* Docket No. 100.

[10] *See* Docket No. 110; Docket No. 115.

[11] *See* Docket No. 139.

[12] *See* Docket No. 142-3; Docket No. 146-3.

[13] *See* Docket No. 100 at 2.

[14] *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 262-63 (N.D. Cal. 2012); *In re Google Litig.*, Case No. 08-cv-03172, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011).

[15] *See Ingersoll v. Farmland Foods, Inc.*, Case No. 10-cv-06046, 2011 WL 1131129, at *7-8 (W.D. Mo. Mar. 28, 2011).

3
Case No. 5:13-cv-05658-LHK
ORDER GRANTING-IN-PART MOTIONS TO COMPEL

doctrine as a shield against its discovery obligations.

National Union is not entitled, however, to any further documents responsive to its fifth request for production of documents.[16] National Union was not diligent in clarifying the scope of the requests at issue. It initially served these requests on March 3,[17] and SST timely responded on April 6 with general objections to all the requests and with more specific objections to the requests in dispute.[18] The parties met and conferred several times over the next few months, during which SST twice asked National Union to clarify the scope of these requests.[19] National Union's only answer—a month after the initial objection to the requests and only weeks before the deadline for fact discovery—was to demand that SST "still answer them based on a reasonable interpretation of the requests."[20] It then filed this motion, a week after discovery ended.

After failing to explain, narrow or effectively meet and confer about its requests for months, National Union now argues that they were "readily understandable to any corporate party."[21] But National Union could have conveyed its understanding of the terms in any number of ways during the two months left in the discovery window after SST filed its responses. If necessary, it could have filed a motion to compel responses before that window closed. By the time it finally did so, it was too late.

***Second***, SST must answer National Union's interrogatories about the allocation of liability between Yeh, Levi and SST.[22] SST also must identify and, if necessary, produce all documents

---

[16] In particular, National Union seeks documents in response to Request Nos. 93-97 of that request for production. *See* Docket No. 109-6, Ex. B at 4-5.

[17] *See id.*

[18] *See* Docket No. 109-6, Ex. C.

[19] *See* Docket No. 119-1 at ¶¶ 3-4; Docket No. 119-3, Ex. D at 3.

[20] Docket No. 109-6, Ex. D at 11.

[21] Docket No. 125-5 at 4.

[22] These include Interrogatory Nos. 10, 11, 12 and 22. *See* Docket No. 115-2, Ex. 2 at 5, 7.

4
Case No. 5:13-cv-05658-LHK
ORDER GRANTING-IN-PART MOTIONS TO COMPEL

supporting SST's position.[23]  SST already has provided a supplemental response to one of these interrogatories,[24] but it must amend these responses to remove the qualifiers to which National Union objects.

The parties vigorously dispute the applicable law.  SST argues that this discovery is irrelevant under *Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*[25]  In that case, the Ninth Circuit held that "a corporation is entitled to reimbursement of all settlement costs where the corporation's liability is purely derivative of the liability of the insured directors and officers."[26]  If *Safeway* applies to this case, the relative legal and financial exposures as between SST and the individual defendants would not matter.  Predictably, National Union attempts to distinguish *Safeway*, and it does that on two grounds.  First, *Safeway* involved a shareholders' derivative suit.  Second, the policy in *Safeway*—also issued by National Union—included weaker language about allocation.[27]  Each party has moved for summary judgment, and each devotes significant space in its motion to this issue.[28]

The court is reluctant to pick a winner on a discovery motion.  A party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."[29]  National Union has made a legitimate argument that this discovery is relevant under its theory of the case, and that is all that is required here.  If Judge Koh—or the jury—decides that *Safeway* applies and the information is irrelevant, so be it.  But if National Union wins on the legal issue, it

---

[23] In other words, SST must supplement its responses to Document Request Nos. 106, 107, 108 and 115, which correspond to the four interrogatories above.  *See* Docket No. 115-2, Ex. 3 at 4-5.

[24] *See* Docket No. 120-3.

[25] 64 F.3d 1282 (9th Cir. 1995).

[26] *Id.* at 1287.

[27] *See* Docket No. 123-3 at 3-4 (citing *Safeway*, 64 F.3d at 1289 & n.15, 1297).

[28] *See* Docket No. 142-3 at 21-25; Docket No. 146-3 at 14-16.

[29] Fed. R. Civ. P. 26(b)(1).

5
Case No. 5:13-cv-05658-LHK
ORDER GRANTING-IN-PART MOTIONS TO COMPEL

must be able to make its case using the facts within SST's control.

All discovery required by this order should be produced within 14 days.

**SO ORDERED.**

Dated: September 17, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge