UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SILICON STORAGE TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, et al.,<br><br>Defendants. | Case No. 13-CV-05658-LHK<br><br>**ORDER RE: SST'S MOTIONS IN LIMINE NO. 2, 3 & 4; INSURERS' MOTIONS IN LIMINE NO. 2 & 4; AND JOINT LEGAL ISSUES 9 & 11**<br><br>Dkt. Nos. 190, 196, 198, 200 |

In the interest of expeditiously providing the parties with rulings that may assist their settlement conference and trial preparation,[1] the Court dispenses with a recitation of the full background of this dispute in this Order. This Order addresses Silicon Storage Technology's ("SST") motions in limine nos. 2, 3, and 4 and the Insurers' motions in limine nos. 2 and 4. ECF Nos. 196, 198, 200. Because these motions also implicate legal issues 9 and 11 from the joint

---

[1] The final pretrial conference will take place on November 19, 2015, at 2:30 p.m. The final settlement conference before Magistrate Judge Nathanael Cousins will take place on November 20, 2015, at 9:30 a.m. Trial will begin on December 4, 2015, at 9:00 a.m.

1
Case No. 13-CV-05658-LHK
ORDER RE: SST'S MOTIONS IN LIMINE NO. 2, 3 & 4; INSURERS' MOTIONS IN LIMINE NO. 2 & 4; AND JOINT LEGAL ISSUES 9 & 11

report on disputed legal issues that the parties filed on October 20, 2015, ECF No. 190, the Court also addresses those issues in this Order. The remaining two motions in limine, nine evidentiary issues, and two disputed legal issues shall be addressed at the final pretrial conference.

## I. SST MOTION IN LIMINE NO. 2 AND JOINT LEGAL ISSUE 11

SST's second motion in limine is GRANTED in part and DENIED in part. This motion in limine seeks to prevent the Insurers from presenting the following defenses at trial: (1) defenses that require a final adjudication, (2) defenses that address the relative allocation of the settlement payment, (3) defenses concerning indemnification, (4) defenses related to exclusions for covered "Loss," (5) and defenses related to coverage for acts occurring after April 8, 2010. SST argues that these defenses were not properly disclosed during discovery. This motion also implicates joint legal issue 11, as discussed below.

The Court GRANTS SST's motion to prevent the Insurers from presenting defenses that require a final adjudication. As discussed in greater detail in Section III below, the final adjudication requirement has not been satisfied in this case. Accordingly, the Insurers cannot, as a matter of law, prevail on any defenses that require a final adjudication.

However, the Court DENIES SST's motion in all other respects. The Court turns first to the Insurers' allocation defense. The Insurers described this allocation defense in detail in a letter that XL sent to David Goodwin, lead counsel for SST, on August 23, 2012—even before SST decided to bring suit against the Insurers. The Insurers once again referred to this defense in the Insurers' initial disclosures and in response to several of SST's interrogatories. This defense was also discussed at length in both the Insurers' motion for summary judgment and SST's motion for partial summary judgment. Under these facts, the Court finds that the Insurers sufficiently disclosed to SST the Insurers' intent to pursue an allocation defense.

SST's only argument to the contrary is that the Insurers have failed to designate an expert witness to "assign[] a dollar amount to any of the claims or defendants the Insurers allege are not covered." This argument is unavailing. SST has cited no authority, and the Court has found none,

2

Case No. 13-CV-05658-LHK
ORDER RE: SST'S MOTIONS IN LIMINE NO. 2, 3 & 4; INSURERS' MOTIONS IN LIMINE NO. 2 & 4; AND JOINT LEGAL ISSUES 9 & 11

which would require the Court to preclude the Insurers from making an allocation defense simply because the Insurers have not marshalled sufficient expert testimony on the exact amount of allocation. As the Insurers point out, the Insurers plan to present facts to show that the $20 million settlement payment was unreasonable and that some portion of this payment should be allocated to SST. The Insurers may present these arguments at trial and leave to the jury to decide how the settlement payment should be allocated.

The Court turns now to SST's arguments with respect to the indemnification defense. It appears that the Insurers first learned that Microchip, and not SST, paid for the settlement by sending a check to Intersil at a deposition of Eric Bjornholt, which was taken on June 3, 2015. Having learned this information, the Insurers immediately moved for additional deposition testimony of Bjornholt, past the June 4, 2015 discovery deadline. Judge Grewal granted the Insurers' request on September 17, 2015, ECF No. 158, and the Insurers proceeded accordingly. The Court finds these facts provided SST sufficient disclosure of the Insurers' intent to raise the indemnification defense at trial.

SST's arguments as to the Insurers' remaining defenses are also unavailing. As the Insurers point out, the Insurers in fact disclosed their intention to pursue all of the defenses that SST has identified in National Union's reservation of rights letter. This letter was sent to SST prior to the commencement of this litigation. The Insurers also disclosed their intent to pursue certain defenses in the Insurers' initial disclosures and discovery responses.

As a final matter, the Court notes that this motion in limine implicates joint legal issue 11, which states: "Do the Policies' Run Off Endorsements bar coverage for Loss due to Wrongful Acts occurring after April 8, 2010?" ECF No. 190 at 2. It appears that this is not actually a legal issue, but a factual one. Both sides agree that the insurance policies do not cover wrongful acts that occurred after April 8, 2010. The only disagreement is whether any such acts actually occurred. Accordingly, the Court finds that joint issue 11 presents a factual question to be resolved by the finder of fact.

3

Case No. 13-CV-05658-LHK
ORDER RE: SST'S MOTIONS IN LIMINE NO. 2, 3 & 4; INSURERS' MOTIONS IN LIMINE NO. 2 & 4; AND JOINT LEGAL ISSUES 9 & 11

1  In sum, the Court GRANTS SST's second motion in limine as to defenses that require a final adjudication, but DENIES SST's motion in all other respects.

## II.     SST MOTION IN LIMINE NO. 3

SST's third motion in limine to exclude evidence and argument that SST breached any policy condition is DENIED. First, the Court concludes that this motion in limine is a procedurally improper attempt to re-litigate the summary judgment motions, in which the Court found that whether SST breached the cooperation clause is a disputed issue of material fact to be resolved by the finder of fact.

Second, in this lawsuit SST does not seek coverage for its own liability, but for SST's indemnification of Yeh and Levi in the Trade Secret Action. In the Trade Secret Action, however, the Insurers denied SST entity coverage but did not deny coverage for SST's indemnification of Yeh and Levi. Instead, the Insurers agreed to defend Yeh and Levi. Because SST was not denied the coverage under which SST now sues, the Insurers did not forfeit any defenses based on conditions of coverage. Accordingly, the Insurers may offer evidence at trial that SST breached conditions of coverage.

## III.    SST MOTION IN LIMINE NO. 4 AND JOINT LEGAL ISSUE 9

SST's fourth motion in limine is GRANTED in part and DENIED. This motion in limine requests that the Court exclude the Insurers from presenting evidence and argument of the following three defenses: Exclusion 4(a) in the insurance policy, Exclusion 4(c) in the insurance policy, and California Insurance Code § 533.

SST's motion with respect to Exclusions 4(a) and 4(c) implicates joint legal issue 9, which states:

> For purposes of the insurance policy exclusions that bar coverage only if the insured's conduct has been established by a 'final adjudication,' can the 'final adjudication' requirement be satisfied by obtaining a final adjudication' in this insurance coverage trial?

Essentially, SST contends that any defenses related to Exclusions 4(a) and 4(c) must fail as a matter of law because there has not been a "final adjudication" in this case. The Court agrees. For

4

Case No. 13-CV-05658-LHK
ORDER RE: SST'S MOTIONS IN LIMINE NO. 2, 3 & 4; INSURERS' MOTIONS IN LIMINE NO. 2 & 4; AND JOINT LEGAL ISSUES 9 & 11

purposes of the insurance policy exclusions at issue, SST's decision to settle the Trade Secret Action cannot constitute a final adjudication. *See Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, 600 F.3d 562, 572–73 (5th Cir. 2010); *Wojtunik v. Kealy*, 2011 WL 1211529, *8–*9.

Moreover, a final adjudication in this insurance coverage trial does not qualify as a final adjudication for purposes of Exclusions 4(a) and 4(c). In *Pendergest-Holt*, for instance, the Fifth Circuit stated that "[w]hen a D&O policy requires a 'final adjudication' to trigger an exclusion, courts have consistently held that the adjudication must occur in the underlying D&O proceeding, rather than in a parallel coverage action or other lawsuit." 600 F.3d at 572. In *Axis Reinsurance Co. v. Telekenex, Inc.*, 913 F. Supp. 2d 793, 800–02 (N.D. Cal. 2012), U.S. District Judge Samuel Conti similarly held that language concerning a final adjudication refers to the "verdict, judgment, and findings of fact" in the underlying action. Accordingly, the Court GRANTS SST's request to preclude the Insurers from asserting defenses related to Exclusions 4(a) and 4(c).

The Court, however, DENIES SST's request to preclude the Insurers from asserting defenses related to California Insurance Code § 533. The Insurers have presented evidence that Yeh and Levi acted willfully and may present such evidence to the jury.

## IV. THE INSURERS' MOTION IN LIMINE NO. 2

The Insurers' second motion in limine to exclude all evidence and argument regarding potential damages in the underlying trade secret action is DENIED.

First, as to the testimony of James Pooley, Pooley's expert testimony addresses whether the $20 million settlement of the underlying trade secret action was reasonable and not what the actual damages would have been in the trade secret action. Pooley is an attorney with expertise litigating and settling intellectual property cases, including trade secret cases. As such, he is qualified to testify about what a reasonable settlement would be for the trade secret action. The Insurers' objections to Pooley's testimony go towards the testimony's weight, not its admissibility. Accordingly, the Court DENIES the Insurers' motion in limine as it pertains to Pooley's expert

5

Case No. 13-CV-05658-LHK
ORDER RE: SST'S MOTIONS IN LIMINE NO. 2, 3 & 4; INSURERS' MOTIONS IN LIMINE NO. 2 & 4; AND JOINT LEGAL ISSUES 9 & 11

1 testimony on the reasonableness of the settlement.

2 Second, as to Exhibits 81 and 85–89, introduced during Eric Bjornholdt's deposition, the fact that Bjornholdt and Steve Sanghi were unable to authenticate these Exhibits does not render the Exhibits inadmissible. SST asserts that other witnesses may be able to authenticate these documents. If SST can authenticate the documents at trial and establish that they fall within a hearsay exception, SST may move to admit the Exhibits into evidence. Accordingly, the Court DENIES without prejudice the Insurers' motion in limine as it pertains to Exhibits 81 and 85–89. The Insurers may renew their objection to Exhibits 81 and 85–89 if SST is unable to authenticate the documents at trial.

## V. THE INSURERS' MOTION IN LIMINE NO. 4

The Insurers' fourth motion in limine to exclude all evidence and argument regarding the decision in *Acacia Research Corp. v. National Fire Ins. Co. of Pittsburgh, Pa*, 2008 WL 4179206 (C.D. Cal. Feb. 8, 2008) is GRANTED. SST assures the Court that SST will not introduce testimony or evidence about *Acacia* or argue *Acacia* to the jury. In addition, the probative value of any evidence related to the *Acacia* decision is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time," pursuant to Federal Rule of Evidence 403. Fed. R. Evid. 403.

**IT IS SO ORDERED.**

Dated: November 19, 2015

_____
LUCY H. KOH
United States District Judge

6
Case No. 13-CV-05658-LHK
ORDER RE: SST'S MOTIONS IN LIMINE NO. 2, 3 & 4; INSURERS' MOTIONS IN LIMINE NO. 2 & 4; AND JOINT LEGAL ISSUES 9 & 11