United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SILICON STORAGE TECHNOLOGY, INC., | Case No. 13-CV-05658-LHK |
| Plaintiff, | **AMENDED ORDER RE: SST'S MOTION IN LIMINE NO. 1 AND JOINT LEGAL ISSUES 2, 3, 4, 6, 7, 8 & 10** |
| v. | |
| NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, et al., | Dkt. Nos. 200-1 & 190 |
| Defendants. | |

This document supersedes ECF No. 221.

In the interest of expeditiously providing the parties with rulings that may assist their settlement conference and trial preparation,[1] the Court dispenses with a recitation of the full background of this dispute in this Order.  The Court turns to Silicon Storage Technology's ("SST") motion in limine no. 1, which addresses the applicable burdens of proof at trial, which the parties have indicated is a potentially dispositive issue.  ECF No. 200-1.  Because this motion also implicates legal issues 2, 3, 4, 6, 7, 8, and 10 from the joint report on disputed legal issues that the

---

[1] The final pretrial conference will take place on November 19, 2015, at 1:30 p.m.  The final settlement conference before Magistrate Judge Nathanael Cousins will take place on November 20, 2015, at 9:30 a.m.  Trial will begin on December 4, 2015, at 9:00 a.m.

1    parties filed on October 20, 2015, ECF No. 190, the Court addresses those issues in this Order.

2    The remaining seven motions in limine, nine evidentiary issues, and four disputed legal issues

3    shall be addressed at the final pretrial conference.

4    I.    BACKGROUND AND LEGAL STANDARD

5        In SST's motion in limine no. 1, SST "seeks a ruling that while SST bears the initial

6    burden of proving that at least a portion of the $20 million settlement payment falls within the

7    insuring agreement of the policies, the Insurers[2] bear the burden of proving that limitations on

8    SST's coverage apply." ECF No. 200-1 at 1.  SST specifically points to four such limitations:  the

9    reasonableness of the settlement, how the settlement payment should be allocated to uncovered

10   claims or defendants, two exceptions to the insurance policy's definition of a covered "Loss," and

11   California Insurance Code § 533.  *Id.*

12       Before addressing these specific limitations, the Court shall briefly discuss some of "[t]he

13   general principles governing [the Court's] review" of these legal and evidentiary issues.  *Aydin*

14   *Corp. v. First State Ins. Co.*, 959 P.2d 1213, 1215 (Cal. 1998).  First, under California law, either

15   the insured or the insurers may allege that the other party breached the insurance contract.  The

16   moving party bears the burden of proof.  *See Xebec Dev. Partners, Ltd. v. Nat'l Union Fire Ins.*

17   *Co.*, 15 Cal. Rptr. 2d 726, 738 (Cal. Ct. App. 1993).  "[A] claim for breach of contract requires a

18   plaintiff to establish: (1) a contract; (2) plaintiff's performance or excuse for nonperformance; (3)

19   defendant's breach; and (4) damage to plaintiff."  *Nationwide Mut. Ins. Co. v. Ryan*, 36 F. Supp.

20   3d 930, 938 (N.D. Cal. 2014).  Second, "[t]he burden is on an insured to establish that the

21   occurrence forming the basis of its claim is within the basic scope of insurance coverage."  *Aydin*

22   *Corp.*, 959 P.2d at 1215.  Finally, "once an insured has made this showing, the burden is on the

23   insurer to prove [that] the claim is specifically excluded."  *Id.*

24       With these principles in mind, the Court now addresses each of the four limitations

25   identified by SST in SST's motion in limine no. 1.

26   _____

27   [2] SST and the Court have referred to Defendants in this case—National Union Fire Insurance
     Company of Pittsburgh and XL Specialty Insurance Company—as "the Insurers."

28
     Case No. 13-CV-05658-LHK
     AMENDED ORDER RE: SST'S MOTION IN LIMINE NO. 1 AND JOINT LEGAL ISSUES 2, 3, 4, 6, 7, 8 & 10

United States District Court
Northern District of California

## II.     DISCUSSION

### A.    Reasonableness of Settlement & Breach of Cooperation Clause – Joint Legal Issues 3, 4 & 10

#### 1.   Reasonableness of Settlement

SST first argues that SST is entitled to a presumption of reasonableness as to the settlement amount, and that the Insurers have the burden of showing the settlement to be unreasonable.  This argument mirrors joint legal issues 3 and 4, which state:

> 3.  Does SST need to prove that there was some covered "Loss" to satisfy its initial burden of proof, or must SST also prove the amount of the "Loss" that is covered and not covered?
>
> 4.  Which party bears the burden of proving whether the settlement amount in the underlying trade secret action was reasonable or unreasonable?

ECF No. 190 at 1–2.  These legal issues also implicate whether SST breached the cooperation clause, a topic that the Court shall discuss in greater detail below.

First, the Court notes that SST's claim that the settlement agreement was reasonable is, at heart, a breach of contract claim.  As the California Supreme Court explained in *Hamilton v. Maryland Casualty Co.*, 41 P.3d 128, 132 (Cal. 2002), "[f]rom the covenant of good faith and fair dealing implied by law in all contracts, and from the liability insurer's duty to defend and indemnify covered claims, California courts have derived an implied duty on the part of the insurer to accept reasonable settlement demands on such claims within the policy limits."  *See also id.* ("[T]he insurer's breach of the covenant of good faith and fair dealing sounds in . . . contract."). As the California Supreme Court further noted, "[a]n unreasonable refusal to settle may subject the insurer to liability for the entire amount of the judgment rendered against the insured, including any portion in excess of the policy limits."  *Id.*

Here, SST essentially alleges that SST entered into a reasonable settlement with Xicor. SST further avers that the Insurers breached their duties under the insurance contract by refusing to reimburse SST for this settlement amount.  For the reasons stated below, the Court finds that the

Case No. 13-CV-05658-LHK
AMENDED ORDER RE: SST'S MOTION IN LIMINE NO. 1 AND JOINT LEGAL ISSUES 2, 3, 4, 6, 7, 8 & 10

1  burden falls upon SST—and not upon the Insurers—to prove that the settlement was reasonable.

2  Several factors counsel in favor of such a finding.  First, California case law provides a clear

3  answer to this specific question.  In *Pruyn v. Agricultural Insurance Co.*, 42 Cal. Rptr. 2d 295, 312

4  (Cal. Ct. App. 1995), for instance, the California Court of Appeal stated that, in order to establish

5  the insurer's liability and the amount of such liability, the insured must, at a minimum, "satisfy its

6  prima facie burden of showing that the settlement was reasonable."  The California Court of

7  Appeal went on to provide a number of factors to which the insured could refer in establishing

8  reasonableness, such as: "whether the amount of the settlement is within the reasonable range of

9  the settling tortfeasor's proportional share of comparative liability, "a rough approximation of

10  plaintiffs' total recovery and the settlor's proportionate liability," and "the amount paid in

11  settlement."  *Id.*

12          Likewise, in *Raychem Corporation v. Federal Insurance Co.*, 853 F. Supp. 1170, 1176

13  (N.D. Cal. 1994), U.S. District Judge Ronald Whyte stated that "[t]he party seeking coverage must

14  show the existence and extent of a loss covered by the policy."  Echoing *Pruyn*, Judge Whyte

15  further stated that the insured "has the burden of making a *prima facie* showing that the settlement

16  and defense costs incurred in [an underlying action] related to the settlement of covered claims

17  against the insured individuals."  *Id.*  Thus, both state and federal courts have held that, in

18  determining liability, the burden falls upon the insured to demonstrate reasonableness.

19          In addition to the specific case law in *Pruyn* and *Raychem*, placing this burden upon SST

20  would be consistent with general principles of contract law.  As noted earlier, a breach of contract

21  claim lies when the insured can prove that the insurance company has rejected a reasonable

22  settlement offer.  General principles of contract law require the insured to prove each element of

23  the insured's breach of contract claim: that is, that a settlement offer was made, that the insurance

24  company rejected the settlement offer, and that the settlement offer was reasonable.  *See, e.g.*, *S.*

25  *Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) ("As the party with the

26  burden of persuasion at trial, the [movant] must establish beyond controversy *every* essential

27  element of its Contract Clause claim.") (internal quotation marks omitted) (emphasis added).

28

United States District Court
Northern District of California

Third, the facts in the instant case further underscore the importance of placing the burden upon SST. Here, representatives of Microchip, SST's parent company, and Intersil, Xicor's parent company, entered into a private, global mediation with the intent of resolving three different patent actions and the trade secret action. The Insurers had agreed to defend SST employees Bing Yeh and Amitay Levi in the trade secret action, up to a coverage limit of $20 million. The patent actions, however, were not covered by the insurance policy.

As recounted in the Court's oral order denying SST's motion for partial summary judgment, Microchip and Intersil left the global mediation with two agreements in hand: one agreement, with no monetary settlement, over the three different patent actions, and a second agreement, which resulted in a finding of trade secret liability and a settlement that coincided with the upper limit of SST's liability coverage. *See* ECF No. 189. At the mediation itself, representatives of the Insurers were "asked to leave at a very premature point in time." ECF No. 146-13 at 119. Representatives of SST, Xicor, Microchip, and Intersil continued to mediate after the Insurers left the mediation and reached the two settlements referenced above. *See, e.g.*, *Pruyn*, 42 Cal. Rptr. 2d at 303 ("[W]here an insurer provide[s] a defense to its insured in the underlying litigation, and the insured, without the participation . . . of the insurer, stipulate[s] to a judgment without evidentiary support and with no potential for personal loss, such judgment is insufficient to impose liability on the insurer in a later action against the insurer."). SST did not, at the time that SST sent a copy of Xicor's settlement demand to the Insurers, provide an explanation of how or why SST found Xicor's settlement demand to be reasonable. In fact, SST did not produce such analysis until discovery in this case. In the Court's view, it would make little sense to assign the burden of proof to the Insurers, who were asked to leave the mediation before the two settlements were reached, and who did not receive an explanation as to why the resulting settlement was reasonable under discovery in this case.

## 2. Breach of Cooperation Clause

The Court turns now to examine what the Insurers must specifically prove in order to prove breach of the cooperation clause. This discussion implicates joint legal issue 10, which

5

states:

> 10.   With respect to the Insurers' "cooperation" defense: (a) what must the Insurers prove to show a breach of the "cooperation" language in the Policy; (b) what must the Insurers prove to establish substantial prejudice resulting from a breach of the duty to cooperate; (c) must the Insurers prove a causal connection between that breach and the alleged prejudice; and (d) does a breach of the cooperation language together with substantial prejudice eliminate all coverage or is the insurer responsible for the amount of Loss that would have resulted had there not been a breach?

ECF No. 190 at 2.  The Court shall address each of these sub-parts to legal issue 10.

First, with respect to sub-part (a), the Insurers must show breach and substantial prejudice in order to prevail on a cooperation clause defense.  *See Truck Ins. Exch. v. Unigard Ins. Co.*, 94 Cal. Rptr. 2d 516, 522 (Cal. Ct. App. 2000); *Hall v. Traveler Ins. Co.*, 93 Cal. Rptr. 304, 308 (Cal. Ct. App. 1971).  The burden falls upon the Insurers to prove both of these required elements.  *Id.*

Second, with respect to sub-part (b), the issue of substantial prejudice, the Insurers "must establish . . . that if the cooperation clause had not been breached there was a substantial likelihood the trier of fact would have found in the insured's favor."  *Belz v. Clarendon Am. Ins. Co.*, 69 Cal. Rptr. 3d 864, 873 (Cal. Ct. App. 2007).  "[T]he issue of prejudice is ordinarily one of fact."  *Nw. Title Sec. Co. v. Flack*, 85 Cal. Rptr. 693, 697 (Cal. Ct. App. 1970).

Third, with respect to sub-part (c), whether there must be a causal connection between the breach and substantial prejudice, the Court finds instructive the California Supreme Court's decision in *Campbell v. Allstate Insurance Company*, 384 P.2d 155, 156 (Cal. 1963).  In *Campbell*, the California Supreme Court held that "[a]n insurer may assert defenses based upon a breach by the insured of a condition of the policy such as a cooperation clause, but the breach cannot be a valid defense unless the insurer was substantially prejudiced thereby."  This language suggests that the Insurers must demonstrate a causal connection between SST's breach and the resulting prejudice to the Insurers.  *See also State Farm Fire & Cas. Co. v. Miller*, 85 Cal. Rptr. 288, 290 (Cal. Ct. App. 1970) ("The burden of proving the insurer was substantially prejudiced by the failure of the insured to cooperate is upon the former.").

Fourth and finally, if the Insurers can show breach and substantial prejudice, the Insurers

Case No. 13-CV-05658-LHK
AMENDED ORDER RE: SST'S MOTION IN LIMINE NO. 1 AND JOINT LEGAL ISSUES 2, 3, 4, 6, 7, 8 & 10

are fully "released thereby from liability under the policy." *Hall*, 93 Cal. Rptr. at 309.  In other words, if the Insurers can prevail under their cooperation clause defense, then SST cannot recover. This conclusion is grounded in fundamental principles of contract law.  As the California Court of Appeal pointed out in *Brizuela v. Calfarm Insurance Co.*, 10 Cal. Rptr. 3d 661, 667–68 (Cal. Ct. App. 2004), "[i]f it appears that the contract has been violated, and thus terminated by the [in]sured, he cannot recover.  He seeks to recover by reason of a contract, and he must show that he has complied with such contract on his part." *See also CyberNet Ventures, Inc. v. Hartford Ins. Co. of the Midwest*, 168 F. App'x 850, 852 (9th Cir. 2006) (holding that breach of cooperation clause precludes a breach of contract claim against the insurer).  Thus, if the Insurers prevail on the Insurers' breach of cooperation clause defense, SST's coverage claims are precluded as a matter of law.

To summarize, the Court finds that SST bears the burden of proving the reasonableness of the settlement.  The Insurers bear the burden of proving breach of the insurance policy's cooperation clause.  However, if the Insurers' prevail on their breach of cooperation defense, SST shall not be entitled to any recovery even if SST proves that the settlement was reasonable.

### B. Larger Settlement vs. Relative Allocation – Joint Legal Issue 2

The Court shall turn now to the remaining three topics raised in SST's motion in limine no. 1: the relative allocation versus larger settlement rules, the exceptions within the insurance policy to the definition of "Loss," and California Insurance Code § 533.  These topics implicate issues of coverage and exclusion, which mean that they may be taken up by the jury only if SST can prove the settlement to be reasonable and if the Insurers cannot prevail on their cooperation clause defense.  In other words, if SST cannot demonstrate that the settlement was reasonable, then the jury need not decide how to allocate the settlement amount between uncovered claims and uncovered parties because SST cannot recover.

The parties' disagreement over the relative allocation and larger settlement rules overlap with joint legal issue 2, which states: "Which legal standard governs allocation: the 'larger settlement' rule or the 'relative exposure' rule?  Who bears the burden under the governing

7

1   allocation rule of proving what that allocation should be?"  ECF No. 190 at 1.

2       According to SST, under the larger settlement rule, "the insurer must pay the entire

3   settlement, even if the underlying case includes covered and uncovered defendants, as long as the

4   plaintiff alleges that the defendants are jointly and severally liable."  ECF No. 200-1 at 3.  As the

5   Ninth Circuit held in *Safeway Stores, Inc. v. National Union Fire Insurance Co.*, 64 F.3d 1282,

6   1287 (9th Cir. 1995), "[a]llocation is appropriate only if, and only to the extent that, the defense or

7   settlement costs of the litigation were, by virtue of the wrongful acts of *uninsured* parties, higher

8   than they would have been had only the insured parties been defended or settled."  The burden

9   would fall upon the Insurers to allocate the settlement amount between Yeh and Levi (the

10  individuals covered by the insurance policy) and SST (the uncovered entity).

11      On the other hand, the Insurers urge the Court to adopt the relative allocation rule.  Relying

12  upon a decision from the U.S. District Court for the District of Minnesota, the Insurers request that

13  the Court thus place the burden upon SST to allocate the settlement amount.  *See* ECF No. 201 at

14  2 (citing *UnitedHealth Group Inc. v. Columbia Cas. Co.*, 941 F. Supp. 2d 1029 (D. Minn. 2013)).

15      Having reviewed the parties' submissions and the case law, the Court finds that the larger

16  settlement rule applies.  *Safeway Stores* governs, and the Insurers have not cited any subsequent

17  Ninth Circuit authority that would allow the Court to adopt a different allocation rule.  Although

18  *UnitedHealth Group* does appear to point in a different direction, that decision was decided by a

19  different district court in a different circuit.  This Court is thus bound by *Safeway Stores* until the

20  Ninth Circuit holds otherwise.

21      In *Safeway Stores*, the Ninth Circuit overturned the district court's decision to allocate one-

22  quarter of settlement costs to Safeway, the insured, and three-quarters of the settlement costs to

23  National Union, the insurer.  In reaching this conclusion, the Ninth Circuit stated that, once an

24  insurer shows that a settlement cost is recoverable under an insurance policy, "the . . . costs [are]

25  fully recoverable . ... unless the insurer [can] show that the corporation's liability had increased the

26  amount of the settlement."  *Safeway Stores*, 64 F.3d at 1288.

27      Applying these principles to the instant case, *Safeway Stores* requires SST to first show

28

*United States District Court*
*Northern District of California*

8

Case No. 13-CV-05658-LHK
AMENDED ORDER RE: SST'S MOTION IN LIMINE NO. 1 AND JOINT LEGAL ISSUES 2, 3, 4, 6, 7, 8 & 10

United States District Court
Northern District of California

1    that the settlement cost was recoverable.  Crucial to this showing is whether SST can demonstrate

2    that the settlement amount was reasonable.  Only if SST can demonstrate reasonableness of the

3    settlement does the burden shift to the Insurers to demonstrate whether allocation is proper.

4        Consonant with *Safeway Stores*, the Court also finds that the insurance policy, which

5    provides that the "Insured and the Insurer agree to use their best efforts to determine a fair and

6    proper allocation of the amounts as between" covered and uncovered claims, does not shift the

7    burden to SST on allocation.  This "best efforts" clause is nearly identical to a clause at issue in

8    *Safeway Stores*, and in *Safeway Stores*, the Ninth Circuit upheld the district court's finding that

9    this clause "requires an allocation *analysis*, but not necessarily an allocation."  64 F.3d at 1289

10    (internal quotation marks and citation omitted).

11        However, the Court's decision to adopt the larger settlement rule does not give SST license

12    to simply show, as the Insurers allege, "that some sliver of $20 million settlement [SST] agreed to

13    without the participation of its Insurers is covered under the Policy's insuring agreement."  ECF

14    No. 201 at 1.  Nothing in *Safeway Stores* or any other case requires the Court to adopt such a

15    reading of the larger settlement rule.  Rather, under California law, SST must first show that the

16    entire $20 million settlement was reasonable because SST must prove every element of SST's

17    breach of contract claim before questions of allocation may even come into play.  *See S. Calif. Gas*

18    *Co.*, 336 F.3d at 888 ("[T]he [movant] must establish beyond controversy every essential element

19    of its Contract Clause claim.") (internal quotation marks omitted); *Pruyn*, 42 Cal. Rptr. 2d at 312

20    (requiring insured to make prima facie showing that entire settlement amount was reasonable).

21        In sum, the Court concludes that the larger settlement rule shall apply to this case, but only

22    if SST can show the settlement to be reasonable.

23    **C. Exceptions to "Loss" – Joint Legal Issues 6 & 7**

24        Next, the insurance policy defines covered "Loss" to mean "damages, settlements,

25    judgments, . . . Defense Costs and Crisis Loss."  ECF 1-1 at 4.  Loss, however, "shall not include .

26    . . [1] any amounts for which an Insured is not financially liable or which are without legal

27    recourse to an insured; and . . . [2] [any] matters which may be deemed uninsurable under the law

28

9

pursuant to which this policy shall be construed." *Id.* For purposes of simplicity, the Court shall refer to these two provisions as the "financially liable" provision and the "legally uninsurable" provision.

SST expects the Insurers to argue that the settlement falls outside of the definition of covered loss under either the "financially liable" provision or under the "legally uninsurable" provision. If made, this argument would implicate joint legal issues 6 and 7, which state:

> (6) What is the meaning of the portion of the definition of "Loss" that provides that "Loss" does not include "any amounts for which an Insured is not financially liable or which are without legal recourse to an insured"?

> (7) Who bears the burden of proving, as a factual matter, that the settlement of the underlying trade secret action included or did not include "matters that may be deemed uninsurable under [California] law" or "any amounts for which an Insured is not financially liable or which are without legal recourse to an Insured"?

ECF No. 190 at 1–2.

In SST's motion in limine no. 1, SST requests that the Court find that the Insurers have the burden of proving whether either of these provisions applies. The Court finds this request well taken. First, with respect to the "legally uninsurable" provision, the Ninth Circuit has held that "the insurer has the burden of proving that . . . claims are matters uninsurable under the law." *Unified Western Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1111 (9th Cir. 2006) (internal quotation marks omitted). This determination governs the instant case: the Insurers must prove that the claims at issue are legally uninsurable.

The Insurers must also prove that the "financially liable" provision applies. Several factors counsel in favor of such a determination. First, this provision follows a sub-clause that begins, "'Loss' . . . shall not include." Thus, the context of the "financially liable" provision suggests that this provision was meant to be read as an exception that the Insurers must prove, rather than a requirement for coverage that SST would have to prove. Second, the "financially liable" provision immediately precedes the "legally uninsurable" provision. The Court has already determined that the "legally uninsurable" provision is a policy exception that the Insurers have the burden of

Case No. 13-CV-05658-LHK
AMENDED ORDER RE: SST'S MOTION IN LIMINE NO. 1 AND JOINT LEGAL ISSUES 2, 3, 4, 6, 7, 8 & 10

United States District Court
Northern District of California

proving.  It would make little sense for these two provisions to be treated differently.  In sum, in light of the structure and context of the "financially liable" provision within the insurance policy, the Court finds that the Insurers have the burden of proving that the "financially liable" provision applies.

**C.  California Insurance Code § 533 – Joint Legal Issue 8**

Finally, California Insurance Code § 533 provides that "[a]n insurer is not liable for a loss caused by the willful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others."  SST contends that the Insurers have the burden of proving that California Insurance Code § 533 applies.  This contention overlaps with joint legal issue 8, which states: "Who bears the burden of proving that California Insurance Code section 533 applies?"  ECF No. 190 at 2.  The Insurers agree that the Insurers have the burden of showing that § 533 applies.  ECF No. 201 at 1 ("The parties agree that . . . the insurers have the burden in regard to establishing the application of exclusions, including Ins. Code § 533.").  Moreover, the Ninth Circuit has held that "[b]ecause section 533 is considered under California to be an exclusionary clause, the insurer has the burden of proving that the requested claims are matters uninsurable under the law."  *Unified Western Grocers*, 457 F.3d at 1111 (internal quotation marks omitted).   Accordingly, the Court finds that the Insurers have the burden of proving whether California Insurance Code § 533 applies.

**III.    CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part SST's motion in limine no. 1.  In particular, the Court concludes that:

1.  SST has the burden of proving that the entire $20 million settlement was reasonable.

2.  The Insurers have the burden of proving breach by SST of the cooperation clause.

3.  The larger settlement rule applies, but only if SST can show that the settlement was reasonable and if the Insurers cannot prove breach by SST of the cooperation clause.

4.  The Insurers have the burden of proving that either exception to the definition of covered "Loss" applies.

11

United States District Court
Northern District of California

1     5.  The Insurers have the burden of proving that California Insurance Code § 533 applies.

2

3    **IT IS SO ORDERED.**

4

5    Dated: November 19, 2015

6                                 *Lucy H. Koh*

7                                LUCY H. KOH
                                       United States District Judge

United States District Court
Northern District of California

Case No. 13-CV-05658-LHK
AMENDED ORDER RE: SST'S MOTION IN LIMINE NO. 1 AND JOINT LEGAL ISSUES 2, 3, 4, 6, 7, 8 & 10