UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SILICON STORAGE TECHNOLOGY, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, et al.,<br><br>　　　　　Defendants. | Case No. 13-CV-05658-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 217 |

　　　　Before the Court is a joint administrative motion to file under seal brought by Plaintiff Silicon Storage Technology, Inc. and Defendants National Union Fire Insurance Company of Pittsburgh, PA and XL Specialty Insurance Company. ECF No. 217. The parties seek to seal portions of exhibits filed in connection with the parties' cross-motions for summary judgment.[1] The Court previously denied the parties' administrative motions to seal because these motions were overbroad and failed to satisfy the compelling reasons standard. ECF No. 179. The Court

---

[1] On November 29, 2015, the parties stipulated to dismiss the instant action with prejudice. ECF No. 248. The Court granted this stipulation on November 30, 2015. ECF No. 249. However, because the Court ruled on the parties' cross-motions for summary judgment prior to this stipulation of dismissal, the parties have requested a ruling on their joint administrative motion to file under seal.

1
Case No. 13-CV-05658-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL

instructed the parties that "[a]ny subsequent Administrative Motions to File Under Seal must be narrowly tailored and justified by compelling reasons." *Id.* at 2.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records related to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Dispositive motions include "motions for summary judgment." *Id.*

Pursuant to Federal Rule of Civil Procedure 26(c), the Court has broad discretion to permit sealing of documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit defines trade secrets as follows: "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's

competitive standing." *Nixon*, 435 U.S. at 598.

Furthermore, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

In light of the foregoing discussion, the Court applies the "compelling reasons" standard to the parties' request to seal documents filed in connection with the parties' cross-motions for summary judgment. The Court rules on the instant motion as follows:

| **Motion to Seal** | **Standard** | **Document** | **Ruling** |
|---|---|---|---|
| 146-8 | Compelling Reasons | Xicor's Third Amended Identification, Ex. 3 | GRANTED as to the proposed redactions. |
| 146-13 | Compelling Reasons | Levi Deposition, Ex. 16 | DENIED with respect to 82:9–82:25; 84:13–84:24; 89:2–89:9; and 92:4–92:10. <br><br> Otherwise GRANTED as to the proposed redactions. |
| 146-17 | Compelling Reasons | Nataupsky Expert Report, Ex. 39 | GRANTED as to the proposed redactions. |
| 146-18 | Compelling Reasons | Nataupsky Rebuttal Report, Ex. 40 | GRANTED as to the proposed redactions. |
| 146-18 | Compelling Reasons | Min Rebuttal Report, Ex. 42 | DENIED with respect to ¶¶ 39–40. <br><br> Otherwise GRANTED as to the proposed redactions. |

3
Case No. 13-CV-05658-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 146-19 | Compelling Reasons | Souri Expert Report, Ex. 43 | DENIED with respect to ¶¶ 65, 75, and 80. Otherwise GRANTED as to the proposed redactions. |
| 146-19 | Compelling Reasons | Souri Rebuttal Report, Ex. 44 | GRANTED as to the proposed redactions. |
| 146-20 | Compelling Reasons | Pooley Rebuttal Report, Ex. 46 | DENIED. |
| 146-5 | Compelling Reasons | Fair Declaration, Ex. 52 | DENIED with respect to ¶¶ 1–14. Otherwise GRANTED as to the proposed redactions |
| 146-5 | Compelling Reasons | Foty Declaration, Ex. 53 | GRANTED as to ¶¶ 7–12; 14–17; 19–22; 24–28; 30–34; 36–39; 41–44; 46–50; 53–54. Otherwise DENIED as to the proposed redactions. |

**IT IS SO ORDERED.**

Dated: March 17, 2016

_____
LUCY H. KOH
United States District Judge

4

Case No. 13-CV-05658-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL